LOUIS F. MARTIN and Others, Respondents, *v.* ELIZA JANE ADAMS and Others, as Executors, etc., Appellants.

*Case on appeal — calling upon the respondent to complete the appellant's case, so that it may contain all the evidence.*

When a case on appeal, as settled by the trial referee after the submission of amendments by the respondent, does not contain all the evidence and the referee is not then asked to certify that it does contain all the evidence, and the referee, on being thereafter asked by the appellant to order the case on file, is asked to certify that it contains all the evidence, it is improper to compel the respondent to add such testimony as may be necessary to enable the referee to make the desired certificate.

APPEAL by the defendants, Eliza Jane Adams and others, as executors of the will of Henry Adams, deceased, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 1st day of June, 1893, upon the motion of the plaintiffs, permitting the defendants to add by way of amendments any testimony in the case, upon the plaintiffs' appeal, that might be necessary to enable the referee to make a certificate that it contains all the evidence and exhibits in the case.

*Hugh Porter*, for the appellants.

*J. J. Adams*, for the respondents.

VAN BRUNT, P. J.:

The papers in this case show that it was tried, before a referee, who dismissed the complaint on the merits, and thereafter a judgment was duly entered against the plaintiffs, and that an appeal was taken by plaintiffs to the General Term of this court, which is still pending. After the case on appeal had been printed, pursuant to notice to the defendants and respondents' attorney, the parties appeared before the referee for the purpose of having said printed case ordered on file. At the end of this printed case was a statement that it contained all the evidence and exhibits, to which statement the attorney for the defendants respondents objected, that while the case embraced all the evidence and exhibits as settled by the referee pursuant to a case proposed on behalf of the appellants and amendments proposed by the respondents, some evidence taken on the trial proposed neither by appellants nor respondents was not inserted; and that, therefore, the referee could not give a certificate that the printed case contained all the evidence and exhibits given and produced on the trial.

It further appears that the referee had settled the case, but that it contained no statement as settled that it contained all the evidence in the case given by either party, nor did it in fact contain such evidence; and on such settlement the referee was not requested to give any such certificate.

Upon the making of this objection, when the referee was requested to sign the case containing this statement, the appellants on that appeal consented to print in the case any additional testimony that the respondents might choose to have inserted. Whereupon, the referee postponed the final settlement of the case to permit the plaintiffs appellants to make application for a resettlement so as to allow respondents an opportunity, if they so desired, to introduce such additional testimony, in order to enable the referee to certify that the case contained all the evidence taken on the trial, so that the appellate court might review the facts upon the appeal. Thereupon the plaintiffs obtained an order to show cause why they should not have leave to have the case on appeal resettled for the

purpose of permitting the respondents to add by way of amendment, etc. This motion was opposed upon the ground that the respondents were not interested in having the additional evidence inserted in the case, neither were they at all interested in having the facts reviewed, and that if anybody desired to have the additional evidence in, it was the appellants and not the respondents. The court, however, granted the motion permitting the respondents to add by way of amendment any testimony that might be necessary to enable the referee to make a certificate that it contained all the evidence in the case, and that the referee be required to make such certificate. *And from this order this appeal is taken.*

It is certainly difficult to see upon what theory any such order could be made. The papers show that at the time of the settlement of the case, the then attorney for the plaintiffs appellants did not desire any such certificate, and did not pretend that he was entitled to the same. Subsequently, there having been a change of attorneys, the substituted attorney found it necessary for the purposes of the appeal to have that certificate. Accordingly when the referee is asked to order the case on file, he is asked to give this certificate — which if given it is admitted on all sides would have been untrue. The referee having refused, the respondents are called upon to say what *they* want additional in order that this certificate might be given.

It seems that if the appellants desired any such certificate, it was their duty, and not that of the respondents, to supply omissions; particularly where, when the respondents' amendments were submitted, it was not pretended that there was any claim that the case would contain all the evidence. This, in other words, would be compelling the respondents to make up the appellants' case — a practice which, so far as the knowledge of this court extends, has not yet obtained.

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Follett and Parker, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.